IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| PATTY WESTBERRY | ) |
| Petitioner, | ) |
| v. | ) CIVIL ACTION NO. 3:15cv850DPJ-FKB |
| ONEAMERICA COMPANY d/b/a AMERICAN UNITED LIFE INSURANCE COMPANY | ) |
| Respondent. | ) |

**NOTICE OF REMOVAL**

COMES NOW Defendant American United Life Insurance Company, improperly named in the Amended Motion for Declaratory Relief and Specific Performance as OneAmerica Company d/b/a American United Life Insurance Company ("AUL" or "Respondent"), by and through undersigned counsel, and gives notice that the case captioned *Westberry v. OneAmerica Company* is hereby removed from the Chancery Court of Scott County, Mississippi, where it is pending as Cause No. 2015-0204, to the United States District Court for the Southern District of Mississippi, Northern Division. This cause is removable pursuant to 28 U.S.C. § 1331 and the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* ("ERISA") because Petitioner's Amended Motion for Declaratory Relief and Specific Performance presents a federal question, and under 28 U.S.C. § 1332 because there is complete diversity of citizenship between Petitioner and Respondent and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. In support of its Notice of Removal, AUL states as follows:

**PROCEDURAL BACKGROUND**

1. On or about October 22, 2015, Petitioner Patty Westberry ("Petitioner"), in her capacity as Guardian for William Blake McClendon, a minor, filed an Amended Motion for

03444693.1

Declaratory Relief and Specific Performance in the Chancery Court of Scott County, Mississippi in the civil action styled *Westberry v. OneAmerica Company*, Cause No. 2015-0204. True and correct copies of all process, pleadings, and orders are attached hereto as Exhibit A.

2. This Notice of Removal is being filed within 30 days of service of the initial pleading setting forth the claim for relief, and is therefore timely pursuant to 28 U.S.C. § 1446(b).

3. The United States District Court for the Southern District of Mississippi, Northern Division, is the federal judicial district embracing the Chancery Court of Scott County, Mississippi, where this suit was originally filed. Venue is therefore proper under 28 U.S.C. §§ 104(b)(1) and 1441(a).

## FEDERAL QUESTION JURISDICTION

4. Petitioner alleges in her Motion for Declaratory Relief and Specific Performance (the "Complaint") that William Blake McClendon is a beneficiary under a group life insurance policy issued by AUL. The group policy was issued to Unipres USA Inc. ("Unipres") to insure the life insurance component of Unipres's employee welfare benefit plan (the "Plan"). William Blake McClendon's father, Willie Cleveland McClendon (the "Decedent") was employed by Unipres and was a participant in the Plan. A copy of Group Term Life Insurance Policy No. G 00613742-0000-000 (the "Policy") is attached hereto as Exhibit B. The Decedent, as an employee of Unipres, was a participant in the Plan. William Blake McClendon is thus an alleged beneficiary of Plan benefits.

5. This action against AUL could have been originally filed in this Court pursuant to 29 U.S.C. § 1132 in that Petitioner seeks, *inter alia*, to recover benefits under a group insurance policy provided pursuant to an employee welfare benefits plan governed by ERISA. (*See*

Complaint, ¶¶ 4, 5, "WHEREFORE" paragraphs). Specifically, Petitioner alleges that "[a]t the time of Willie Cleveland McClendon's death, he had Voluntary Term Life Coverage and Basic Life Coverage through Respondent American United Life Insurance Company on his life for the benefit of his minor child through his employer. The policy holder was decedent's employer Unipres USA Inc. and the group number is 613742. ... To this date, Respondent refused and failed to pay on the insurance contract." (Complaint, ¶ 4); ((*see also* Complaint, ¶ 5) (requesting that the Court declare "the amount of benefits due and payable to Petitioner as Guardian of the minor child under the policy at issue.")).

6.  The ERISA statute provides that a civil action may be brought by a participant or beneficiary (such as Petitioner here, in her capacity as Guardian) under § 502(a)(1)(B) of ERISA "to recover benefits to him under the terms of the plan, to enforce his rights under the terms of [the] plan, or to clarify his rights to further benefits under the terms of the plan." Petitioner's claims in her Complaint fall squarely within the ambit of ERISA's civil enforcement provisions.

7.  Although Petitioner's Complaint purports to seek declaratory relief, the well-pleaded complaint rule is qualified by the doctrine of complete preemption. *See Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987); *Aetna Health Inc. v. Davila*, 542 U.S. 200 (2004) ("*Davila*"). In *Davila*, the Supreme Court set out the following test for complete preemption under ERISA:

> [I]f an individual brings suit complaining of a denial of coverage for medical care, where the individual is entitled to such coverage only because of the terms of an ERISA-regulated employee benefit plan, and where no legal duty (state or federal) independent of ERISA or the plan terms is violated, then the suit falls within the scope of ERISA § 502(a)(1)(B). **In other words, if an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B), and where there is no other independent legal duty that is implicated by a defendant's actions, then the**

> **individual's cause of action is completely pre-empted by ERISA § 502(a)(1)(B).**

*Davila*, 542 U.S. at 210 (emphasis added). Therefore, in order for complete preemption to apply, "*Davila* requires inquiry into (1) whether [the petitioner] could have brought [his] claim under § 502(a); and (2) whether no other legal duty supports [petitioner's] claim." *Smith v. Hartford Life & Accident Ins. Co.*, No. 2:11-cv-35, 2011 WL 1402880, at *3 (S.D. Miss. Apr. 13, 2011).

8. Each of these two elements is readily satisfied in this case. First, Petitioner's claim falls squarely within the scope of § 502(a) as she is expressly seeking benefits under the Policy and Plan pursuant to the ERISA statute. (*See* Complaint at ¶¶ 4-5). Petitioner could have brought her claim under § 502(a) as she is seeking benefits on behalf of an alleged beneficiary as defined by ERISA. *See* 29 U.S.C. § 1002(8). Second, there is no separate legal duty supporting Petitioner's claims because those claims arise out of an ERISA-governed Plan and directly relate to the adjudication and determination of William Blake McClendon's right to certain Plan life insurance benefits. In other words, the duty upon which Petitioner's claims are based cannot exist independently of the Plan. Accordingly, both prongs of the *Davila* test for complete preemption are met in this case.

9. Besides complete preemption under ERISA § 502(a) (29 U.S.C. § 1132(a)), ERISA also preempts "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." *See* 29 U.S.C. § 1144(a). Claims "relate to" an ERISA plan if they have "a connection with or reference to" an employee benefits plan. *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 47 (1987). *See, e.g., Smith*, 2011 WL 1402880 (S.D. Miss. Apr. 13, 2011) (finding Plaintiff's state law claims to be preempted by ERISA).

10. The District Courts of the United States are given original jurisdiction over civil actions under ERISA pursuant to 28 U.S.C. § 1331 without respect to the amount in controversy

or the citizenship of the parties. Petitioner's claims in this action relate to the adjudication and determination of who is entitled to certain life insurance benefits under the ERISA-governed Policy issued by AUL; therefore, this action is clearly preempted by ERISA, within this Court's federal question jurisdiction, and removable to the United States District Court for the Southern District of Mississippi, Northern Division, pursuant to the provisions of 28 U.S.C. § 1441(a).

## DIVERSITY JURISDICTION

11. This case is also removable under 28 U.S.C. § 1332, as there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000.

12. Upon information and belief, Petitioner and William Blake McClendon are residents and citizens of Scott County, Mississippi. (*See* Complaint, ¶¶ 1-2).

13. AUL is a corporation organized and existing pursuant to the laws of the State of Indiana with its principal place of business in Indiana. Because the "nerve center" of AUL is Indiana, it is considered a citizen of the State of Indiana under principles of diversity jurisdiction. *See Hertz Corporation v. Friend*, 130 S. Ct. 1181 (2010). AUL is not now, and was not at the time of the filing of the Complaint, a citizen or resident of the State of Mississippi within the meaning of the Acts of Congress relating to the removal of cases.

14. Consequently, based on the face of the Complaint, there is complete diversity of citizenship between Petitioner and Respondent.

## AMOUNT IN CONTROVERSY

15. Petitioner seeks declaratory relief with regards to "the rights, status, and legal relations for and between [Petitioner and Respondent] with respect to the policy of insurance at issue herein." (*See* "WHEREFORE" paragraphs). Respondent denies the allegations of Petitioner's Complaint and therefore denies that it is liable to Petitioner for any damages.

Nonetheless, in evaluating whether diversity jurisdiction exists for the purposes of removal, the Court need only look to what amount is "in controversy." *See* 28 U.S.C. § 1332.

16. To meet the jurisdictional threshold in this case, and given the lack of a demand for a specific amount of damages in Plaintiff's Complaint, Defendants must show by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. *Garcia v. Koch Oil Co. of Tex., Inc.*, 351 F.3d 636, 638–39 (5th Cir. 2003). "This burden may be fulfilled in one of two ways. The first means is to show that it is facially apparent from the plaintiff's complaint that their claims are likely above $75,000 exclusive of costs and interest. If the value of the claims is not apparent, the second way to estimate the amount-in-controversy is by setting forth the facts, either in the removal petition or by affidavit, that support a finding of the requisite amount." *Chapman v. Kroger Ltd. Partnership*, No. 3:11-cv-688, 2012 WL 775812, *5 (S.D. Miss. Mar. 7, 2012) (internal citations omitted).

17. On its face, Petitioner's Complaint clearly seeks well over $75,000. The Complaint seeks an adjudication of entitlement to life insurance benefits under the Policy, including "Voluntary Term Life Coverage and Basic Life Coverage." (Complaint, ¶ 4). The benefits under the Policy amount to $20,000 in Basic Term Life insurance and $130,000 in Voluntary Term Life insurance—for a total of $150,000 in controversy. Consequently, based upon the detailed allegations of Petitioner's Complaint it is facially apparent that the amount in controversy exceeds $75,000.

## THE OTHER REMOVAL PREREQUSITES HAVE BEEN SATISFIED

18. Because this Notice of Removal was filed within thirty days of service of the Complaint upon AUL, it is timely under 28 U.S.C § 1446(b).

19. AUL has sought no similar relief with respect to this matter.

20. The prerequisites for removal under 28 U.S.C. § 1441 have been met.

21. Written notice of the filing of this Notice of Removal will be given to the adverse party as required by law.

22. A Notice of Filing Notice of Removal, with a copy of this Notice of Removal attached, will promptly be filed with the Clerk for the Chancery Court of Scott County, Mississippi.

23. The allegations of this Notice are true and correct and this cause is within the jurisdiction of the United States District Court for the Southern District of Mississippi, Northern Division, and this cause is removable to the United States District Court for the Southern District of Mississippi, Northern Division.

24. Should any question arise as to the propriety of the removal of this action, AUL respectfully requests the opportunity to submit a brief and present oral argument in support of its position that this case was properly removed. *See Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995).

## CONCLUSION

For the foregoing reasons, AUL respectfully gives notice that this action has been removed from the Chancery Court of Scott County, Mississippi to the United States District Court for the Southern District of Mississippi, Northern Division, being the district and division for the county in which this action is pending, and requests that this action proceed as properly removed to this Court.

Respectfully submitted by,

Thomas J. Butler

03444693.1

- 7 -

*Attorney for Respondent OneAmerica Company d/b/a American United Life Insurance Company*

OF COUNSEL:

MAYNARD, COOPER & GALE, P.C.
1901 Sixth Ave. North
Birmingham, AL 35203
Telephone: 205.254.1000
Fax: 205.254.1999

- 9 -

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of November, 2015, a copy of the above and foregoing was filed with the Clerk of Court for the Southern District of Mississippi and was mailed via U.S. Mail to the following:

S. Malcolm O. Harrison, Esq.
P.O. Box 483
Jackson, MS 39205-0483
Phone: (601) 948-5030
Malcolm.Harrison@malcolmharrisonlawoffice.com

OF COUNSEL

03444693.1                                                              - 9 -